## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INDIVIOR INC., INDIVIOR UK LIMITED, and MONOSOL RX, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., <br><br> Defendant. | C.A. No. 16-178-RGA |

## [PROPOSED] FINAL JUDGMENT REGARDING UNITED STATES PATENT NOS. 8,017,150; 8,603,514; AND 8,900,497

**WHEREAS**, Plaintiffs Indivior Inc., Indivior UK Limited, and Monosol Rx, LLC (collectively, "Plaintiffs"), commenced this action against Defendant Teva Pharmaceuticals USA, Inc. ("Defendant") asserting, *inter alia*, infringement of United States Patent Nos. 8,017,150 ("the '150 patent") and 8,603,514 ("the '514 patent"), and declaratory judgment of infringement of United States Patent No. 8,900,497 ("the '497 patent") (D.I. 1); and Defendant asserted counterclaims seeking, *inter alia*, declaratory judgment of noninfringement and invalidity of those patents (D.I. 11),

**WHEREAS**, Plaintiffs previously stipulated that the final decision of this Court regarding the validity of the asserted claims of the '150 patent, the '514 patent, the '497 patent and infringement of the same by Defendant's accused 8 mg/2 mg ANDA product in the matter styled *Reckitt Benckiser Pharmaceuticals, Inc. el al. v. Dr. Reddy's Laboratories S.A. and Dr. Reddy's Laboratories, Inc.*, C.A. No. 1:14-cv-1451-RGA, would be binding on Plaintiffs and Defendant as though that decision were also made in the above captioned C.A. No. 16-00178-RGA (D.I. 13),

**WHEREAS**, a Final Judgment has been entered on the merits in that matter (14-1451-RGA, D.I. 315), **IT IS**:

**ORDERED AND ADJUDGED**, for the reasons set forth in the Court's Trial Opinion dated August 31, 2017 (14-1451-RGA, D.I. 313), that Final Judgment is hereby entered in favor of Defendant Teva Pharmaceuticals USA, Inc. ("Teva") and against Plaintiffs Indivior Inc., Indivior UK Limited, and MonoSol Rx, LLC (collectively, "Plaintiffs"), that Teva's New Drug Application ("NDA") No. 208042 does not infringe asserted Claims 1, 4, 5, 8, and 9 of the '150 Patent;

**ORDERED AND ADJUDGED**, for the reasons set forth in the Court's Trial Opinion dated August 31, 2017 (14-1451-RGA, D.I. 313), that Final Judgment is hereby entered in favor of Plaintiffs and against Teva, that asserted Claims 1, 4, 5, 8, and 9 of the '150 Patent were not shown to be invalid;

**ORDERED AND ADJUDGED**, for the reasons set forth in the Court's Trial Opinion dated August 31, 2017 (14-1451-RGA, D.I. 312), that Final Judgment is hereby entered in favor of Teva and against Plaintiffs, that Teva's NDA No. 208042 does not infringe asserted Claims 62-65, 69, 71, and 73 of the '514 Patent;

**ORDERED AND ADJUDGED**, for the reasons set forth in the Court's Trial Opinion dated August 31, 2017 (14-1451-RGA, D.I. 312), that Final Judgment is hereby entered in favor of Plaintiffs and against Teva, that asserted Claims 62-65, 69, 71, and 73 of the '514 Patent were not shown to be invalid;

**ORDERED AND ADJUDGED**, for the reasons set forth in the Court's Trial Opinion dated August 31, 2017 (14-1451-RGA, D.I. 312), that Final Judgment is hereby entered in favor

of Teva and against Plaintiffs, that the manufacture of Teva's products that are the subject of Teva's NDA No. 208042 does not infringe asserted Claim 24 of the '497 Patent;

**ORDERED AND ADJUDGED**, for the reasons set forth in the Court's Trial Opinion dated August 31, 2017 (14-1451-RGA, D.I. 312), that Final Judgment is hereby entered in favor of Plaintiffs and against Teva, that asserted Claim 24 of the '497 Patent was not shown to be invalid;

**ORDERED** that, in the event that any party appeals this Final Judgment, any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54(d) and/or Local Rules 54.1 and/or 54.3, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed and served within thirty (30) days after final disposition of any such appeal; and it is further

**ORDERED** that, in the event that no party appeals this Final Judgment, any motion for attorneys' fees and/or costs under Fed. R. Civ. P. 54(d) and/or Local Rules 54.1 and/or 54.3, including any motion that this case is exceptional under 35 U.S.C. § 285, shall be considered timely if filed and served within thirty (30) days after the expiration of the time for filing a notice of appeal under Federal Rules of Appellate Procedure 3 and 4.

Dated: October 10, 2017

*Richard G. Andrews*
UNITED STATES DISTRICT JUDGE